# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7722 | **DATE** | May 15, 2013 |
| **CASE TITLE** | Pubentz vs. Holder et al | | |

**DOCKET ENTRY TEXT**

This matter comes before the Court on defendants Eric H. Holder, Jr. and Robert S. Muller, III's Bill of Costs. Defendants are awarded costs in the amount of $928.70.

■[ For further details see text below.]  Docketing to mail notices.

# ORDER

     This matter comes before the Court on the bill of costs of Defendants Eric H. Holder, Jr. and Robert S. Muller, III ("Defendants") in the amount of $1,318.71. For the following reasons, the Court awards costs in the amount of $928.70.

     On March 5, 2013, this Court entered judgment for Defendants against Plaintiff Enas Pubentz ("Pubentz") in her employment discrimination action brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. Pursuant to Federal Rule of Civil Procedure 54 and 18 U.S.C. §§ 1920, 2412, Defendants now submit a bill of costs in the amount of $1,318.71. Pubentz objects on several grounds.

     There exists a strong presumption that the prevailing party may recover reasonable and necessary litigation costs from the losing party. Fed. R. Civ. P. 54(d)(1). Specifically, the victor may recover: (i) fees of the clerk and marshal; (ii) fees for transcripts necessarily obtained for use in the case; (iii) printing and witness fees; (iv) fees for exemplification and the costs of making copies of any materials necessarily used in the case; (v) docket fees; and (vi) compensation of court appointed experts and interpreters. 28 U.S.C. § 1920. The prevailing party bears the burden of demonstrating that the requested costs were necessary and reasonable. *Trs. of the Chi. Plastering Inst. Pension Trust v. Cork Plastering Co.*, 570 F.3d 890, 906 (7th Cir. 2009). If that burden is satisfied, the losing party must then show that the costs are not appropriate. *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005). The court retains wide discretion in determining the propriety of awarding costs. *M.T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d 1404, 1409 (7th Cir. 1991).

     Pubentz first contends that, since this Court did not award costs in its March 5, 2013 memorandum opinion, Defendants were required to seek an amendment of the judgment pursuant to Federal Rule of Civil Procedure 59(e). The Court was silent about costs in its opinion. Where there exists no doubt as to the identity of the prevailing party, "a judgment silent about costs is one 'allowing costs'." *Congregation of the Passion,*

**ORDER**

*Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 222 (7th Cir. 1988). Hence, this Court's silence does not relieve Pubentz of the obligation to pay costs, and Pubentz does not contend that Defendants otherwise failed to seek costs in a timely manner. Pubentz also argues that costs are inappropriate when the defendant is the United States or an official thereof; however, Pubentz's authority relates to attorneys' fees, not costs, and the Court does not deem her argument as being persuasive.

In their reply, Defendants concede several of Pubentz's objections with respect to transcript costs. Those concessions decrease costs from $1,318.71 to $928.70. Pubentz's remaining objections consist of: (i) $80 in witness fees for two witnesses employed by the government and testifying in official duty status; and (ii) $285.75 in copying fees.

The copies were made to respond to Pubentz's discovery requests. Pubentz complains that Defendants do not specify which documents were used in the course of summary judgment proceedings. As these copies were made for Pubentz, however, they were necessary in order to comply with discovery requirements. The Court thus will award the cost of the copies—1905 pages at $0.15 per page. With respect to the witness fees ($80), they are statutorily authorized. *See* 28 U.S.C. § 1920(3), and the Court accordingly awards them.

For the foregoing reasons, Defendants are awarded costs in the amount of $928.70.

**Date:** **May 15, 2013**

*Charles P. Kocoras*

**CHARLES P. KOCORAS**
**U.S. District Judge**